UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANKLIN B. ABERNATHY,
        Plaintiff,

        v.                                  CIVIL ACTION
                                            NO. 13-11805 -WGY
AARON D. GILL, ET AL.,
        Defendants.

MEMORANDUM AND ORDER

YOUNG, D.J.                                                                       August 22, 2013

BACKGROUND

On July 24, 2013, plaintiff Franklin B. Abernathy ("Abernathy"),[1] a prisoner formerly in custody at the Souza Baranowski Correctional Center ("SBCC") and currently in custody at MCI Cedar Junction, filed a self-prepared Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his Fourteenth and Eighth Amendment rights.  He also asserts claims pursuant to the Americans With Disabilities Act ("ADA") and the Massachusetts Declaration of Rights ("MDOR").  Additionally, Abernathy attached to his Complaint a copy of the presentment letter he made pursuant to the Massachusetts Tort Claims Act ("MTCA"); however, he did not include an MTCA claim in any count in the Complaint itself.

Abernathy names as defendants Sgt. Aaron D. Gill ("Gill") and Lt. Brian R. Miller ("Miller"), both correctional officers at SBCC during the relevant period.  He alleges, *inter alia*, that Gill used excessive force against him, resulting in the re-injury (including pain, loss of mobility and possible permanent damage) to his left shoulder when it was forced above his head during a cell search.  He further alleges that Miller was the supervisor for the cell search, knew

---

[1] Abernathy previously has filed other cases in this Court.  See Abernathy v. Department of Correction, et al., C.A. 02-10079-NG; Abernathy v. Suffolk County et al., C.A.10-10408-JLT; Abernathy v. UMass Correctional Health, et al., C.A.10-cv-11504-MLW.

about the excessive force while it was occurring, and failed to intervene to stop the assault.  He seeks compensatory and punitive damages, along with declaratory relief.

Along with the Complaint, plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) and a Motion for Free Process and Service (Docket No. 3).

DISCUSSION

I.    The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Abernathy's financial disclosures and his prison account statement, this Court finds he lacks sufficient funds to pay the filing fee for this action.  Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No.  2) will be ALLOWED.  However, because Abernathy is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

A.    Abernathy is assessed  an initial partial filing fee of $9.75, pursuant to 28 U.S.C. § 1915(b)(1)(A);[2] and

B.    The remainder of the fee, $340.25, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed by Abernathy; however, for purposes of clarification for crediting any funds received from him, and to facilitate proper record-keeping by the Treasurer's Office at MCI Cedar Junction and

---

[2]The prison account statement does not reflect the average monthly balances or deposits for the six-month period preceding the filing of the Complaint.  Therefore, this assessment was manually calculated is made without prejudice to Abernathy seeking reconsideration provided that he file an alternative calculation based on credible account information.  The initial partial filing fee represents 20% of Abernathy's average six-month deposits in his prison account.  The assessment is made even though Abernathy currently may not have funds in his prison account to pay it.  The *in forma pauperis* statute provides for assessment at the time of filing the action, with collection to be made when funds exist.

by the District Court Clerk's Office Accounting Department, this Court intends that any funds received from Abernathy's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[3]

## II.   The Motion for Free Process and Service

Abernathy seeks an Order directing the United States Marshal Service to effect service of process and to advance the costs of service. Additionally, Abernathy requests that the United States Marshal Service be directed to serve Gill and Miller through General Counsel for the Massachusetts Department of Correction ("DOC"), Nancy Anker White. This is because he does not know whether Gill and Miller still are assigned to SBCC, and because service on DOC legal counsel would reduce the costs associated with service.

In view of Abernathy's *in forma pauperis* status, this Court will <u>ALLOW</u> the Motion for Free Process and Service, but <u>only</u> to the extent that an Order shall issue for the United States Marshal Service shall effect service on the defendants <u>as directed by Abernathy</u>, and to advance the costs of service. Otherwise, the motion will be <u>DENIED</u>. Abernathy has shown no legal authority to permit service of process on defendants sued in their individual capacities by serving legal counsel representing an agency. Moreover, Rule 4 of the Federal Rules of Civil Procedure do not provide for service on legal counsel, where counsel is not an authorized representative of

---

[3]In other words, Abernathy's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by a court. See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d, 241 F.3d 264, 277 (2d Cir. 2001). See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

the defendants. See Fed. R. Civ. P. 4(e) (providing manner in which individual defendants may be served). Here, Abernathy has not shown Attorney White is an authorized agent able to accept service of process for the defendants. This ruling does not prevent Abernathy from attempting to obtain a waiver of service by General Counsel for the DOC. Unless or until Abernathy has demonstrated that he attempted to make service but has been unable to do, no further action will be taken. Should Abernathy be unable to effect proper service, he may request action by this Court in a duly-filed motion demonstrating good cause for relief.[4]

III.    This Action is Subject to Screening

Because Abernathy is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of prisoner suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) (ii) and (iii). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably

---

[4]At that time, the Court would consider whether to appoint *pro bono* counsel solely for the purpose of effecting service on the defendants (and not for representation in any other manner), or whether an Order directing the DOC to disclose service information *in camera* under seal, would be appropriate.

meritless legal theory or factual allegations that are clearly baseless. Neitzke, 490 U.S. at 327-328; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A also authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

In connection with the preliminary screening, Abernathy's *pro se* Complaint is construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

IV.     The Section 1983 Claims

For purposes of preliminary screening, this Court concludes that Abernathy has alleged sufficiently a plausible excessive force claim and a plausible failure to intervene claim. Accordingly, this action will be permitted to proceed as to the claims pursuant to 42 U.S.C. § 1983, and the clerk is directed to issue summonses as to Gill and Miller.

Notwithstanding this ruling, Abernathy's other claims will be DISMISSED *sua sponte* for the reasons set forth below.

V.      The MTCA Claims

As noted above, Abernathy fails to set forth an MTCA claim in the body of the Complaint, and thus is not cognizable.  In any event, even if this Court considered that Abernathy intended to raise MTCA claims based on his presentment letter, no MTCA claims can be brought against Gill and Miller because they are not proper defendants.  The MTCA permits recovery for liability against public employers, including the Commonwealth of Massachusetts,

and serves as a waiver of sovereign immunity under certain circumstances.[5] The MTCA does <u>not</u> encompass suits against public employees, such as Gill and Miller. In other words, liability attaches to the public employer, and not the employees.[6]

Accordingly, Abernathy fails to state MTCA claims upon which relief may be granted against Gill and Miller, and his MTCA claim will be <u>DISMISSED</u> *sua sponte*. This dismissal will be without prejudice to Abernathy seeking reconsideration within 35 days of the date of this Memorandum and Order, upon good cause shown, including legal authority and underlying factual support for any MTCA claim.

VI.    <u>The MDOR Claims</u>

---

[5] Mass. Gen. Laws ch. 258, § 2 provides, in relevant part:

Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances, except that public employers shall not be liable to levy of execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior to judgment or for punitive damages or for any amount in excess of one hundred thousand dollars....

<u>Id.</u>

[6] Mass. Gen. Laws ch. 258, § 2 provides that:

The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or, the public employee or his estate whose negligent or wrongful act or omission gave rise to such claim, and no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment; provided, however, that a public employee shall provide reasonable cooperation to the public employer in the defense of any action brought under this chapter.

<u>Id.</u> See <u>Fantini v. Salem State College</u>, 2007 WL 922883, *6 (D. Mass. 2007) (Zobel, J.) (the MTCA immunizes public employees for negligent or wrongfl actions or omissions while in the scope of the employee's office or employment).

Abernathy's claims under the MDOR are not cognizable because there is no private cause of action directly under the Massachusetts Constitution.  See Martino v. Hogan, 37 Mass. App. Ct. 710, 720-21 (1994) (holding there is no authority upon which to base a damages claim or an equitable claim directly under the State's Declaration of Rights, and stating that the existence of the Massachusetts Civil Rights Act ("MCRA") occupies the field, similar to that of 42 U.S.C. § 1983).  The vehicle for bringing a state constitutional claim, is through the MCRA.  See Mass. Gen. Laws ch. 12, § 11I.

Accordingly, Abernathy fails to state a claim upon which relief may be granted and his MDOR claim will be DISMISSED sua sponte.  This dismissal will be without prejudice to Abernathy seeking reconsideration within 35 days of the date of this Memorandum and Order, upon good cause shown, including legal authority and underlying factual support for any MDOR claim.

VII.   The ADA Claims

Abernathy's ADA claim is unformed and fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Moreover, to the extent that he asserts ADA claims are based on the facts supporting his § 1983 claims, then his claims under § 1983 would be barred.  In other words, Abernathy may not assert both § 1983 claims and ADA claims based on the same facts.  Where Congress has fashioned a statutory remedy for redress of disability discrimination, a general civil rights claim does not exist.  See Ramos-Echevarria v. Pichis, Inc., 698 F. Supp. 2d 262, 273 (D. P.R. 2010).  "It is well settled that 'Section 1983 cannot be used as a vehicle for ADA or other statutory claims that provide their own frameworks for damages.'"  Id. quoting  M.M.R.-Z., et al. v. Commonwealth of Puerto Rico, et al., 528 F.3d 9, 13, n. 3 (1st Cir. 2008).

Finally and perhaps most importantly, Abernathy's ADA claims against Gill and Miller are not cognizable because there is no individual liability under the ADA. See <u>Roman-Oliveras v. Puerto Rico Elec. Power Authority</u>, 655 F.3d 43, 52 (1st Cir. 2011) (resolving an issue of first impression by noting agreement "with the virtually universal view that Title I of the ADA, like Title VII of the Civil Rights Act, 'addresses the conduct of employers only and does not impose liability on co-workers.'") <u>quoting</u> <u>Fantini v. Salem State College</u>, 557 F.3d 22, 31 (1st Cir. 2009) (holding that this circuit has held that there is no individual liability for employees under Title VII)). This is because the statutes apply to an "employer" as defined therein. See 42 U.S.C. § 12111(5)(A); <u>Roman-Oliveras</u>, 655 F.3d at 51.

Accordingly, Abernathy fails to state ADA claims upon which relief may be granted and his ADA claims also will be <u>DISMISSED</u> *sua sponte*. This dismissal will be without prejudice to Abernathy seeking reconsideration within 35 days of the date of this Memorandum and Order, upon good cause shown, including legal authority and underlying factual support for any ADA claim.

In light of the above, the only remaining claims are those raised pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's claims asserted pursuant to the Massachusetts Tort Claims Act, the Massachusetts Declaration of Rights, and the Americans With Disabilities Act are <u>DISMISSED</u> *sua sponte*. This dismissal will be without prejudice to Abernathy seeking reconsideration within 35 days of the date of this Memorandum and Order, upon good cause shown, including legal authority and underlying factual support for any of these claims;

3. The clerk shall issue summonses with respect to defendants Gill and Miller;

4. Plaintiff's Motion for Free Process and Service (Docket No. 3) is <u>ALLOWED</u> only to the extent that the United States Marshal Service is directed to effect service as directed by the plaintiff and to advance the costs of service, but otherwise the motion is <u>DENIED</u>;

5. The clerk shall send the summonses, Complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, Complaint, and this Memorandum and Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service; and

6. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of the issuance of summonses to complete service.

SO ORDERED.

   /s/ William G. Young  
WILLIAM G. YOUNG  
UNITED STATES DISTRICT JUDGE